### State Board of Undertakers v. Jones

*William J. McHale*, for appellant.

*T. McKeen Chidsey*, Attorney General, *Abraham J. Levy* and *John C. Phillips*, for State Board of Undertakers.

Rupp, P. J., June 30, 1948.— This is an appeal from the action of the State Board of Undertakers in deny-

ing appellant's petition for leave to take the examination for licensure as an undertaker.

Under section 10, as amended, of the Undertakers Act of June 10, 1931, P. L. 485, 63 PS §478j, appeals to this court are heard upon the record certified to the court by the board.

The certified record introduced in evidence by the board at the hearing before the court reveals that appellant has made four unsuccessful attempts to be licensed as an undertaker in Pennsylvania.

The appellant first registered as a student apprentice (then known as an undertaker's assistant) in January 1927 under the Act of March 30, 1925, P. L. 92, which was an amendment to the Act of June 7, 1895, P. L. 167. He was so registered until December 31, 1929. At the time of his registration there were no educational requirements for licensure as an undertaker in Pennsylvania. Subsequently, by the Act of May 13, 1927, P. L. 1005, also amending the Act of 1895, supra, certain educational requirements were provided as of certain dates as a prerequisite to licensure. Thereafter, by the present Undertakers Act of June 10, 1931, P. L. 485, as amended, 63 PS §478a, et seq. ( which repealed all acts and parts of acts inconsistent therewith), it was provided that in order to be entitled to an examination for licensure an applicant must possess certain educational qualifications.

Following the completion of appellant's apprenticeship, he was twice permitted to take the examination for licensure; to wit, in 1930 and in December 1940. However, on both occasions his paper was not graded, due to the fact that he did not possess the educational qualifications required by statute as of the dates of the examinations. On October 6, 1945, he applied for permission to again take the examination, but was refused because he lacked the four-year high school education, or its equivalent, then required by the Act

of 1931, supra, as a prerequisite to taking the examination. On September 22, 1947, he filed the petition from the denial of which he has now appealed.

It is the contention of appellant that the board erred in refusing to license him in 1930 and in 1940 and in denying him the right to take the examination in 1945 and in 1947, since the educational requirements provided in the various statutes in effect on the aforesaid dates should have been determined as of the date appellant first registered as a student apprentice and not as of the times he presented himself for examination.

In passing, it should be noted that the only action of the board before us at this time is that from which appellant has now appealed—namely, the board's denial of his petition to take the examination for licensure.

The question raised by the appeal is, in passing upon the qualifications of an applicant to be examined for licensure as an undertaker, shall the State Board of Undertakers determine his educational requirements as of the date of his original registration as a student apprentice, or as of the date he presents himself for examination?

A study of legislation governing the licensing of other professions and occupations by the Commonwealth reveals that when the legislature intended to save registrants who were pursuing their training under a prior statute from the effects of a subsequent enactment it specifically so provided.

Neither the Act of 1927 nor the Act of 1931, supra, contains such saving provisions. On the contrary, in establishing educational requirements by the Act of 1927, the legislature staggered them as follows: One year of high school or its equivalent for those applying for licensure after January 1, 1928; two years of high school or its equivalent after January 1, 1929; three

years of high school or its equivalent after January 1, 1930; and a complete high school course or its equivalent for those applying after January 1, 1931. Thus, any prospective applicant who registered as a student apprentice prior to the effective date of the act was given ample time within which to qualify for licensure. It follows that the legislature intended that the educational requirements of such applicants should be determined as of the date they presented themselves for examination.

There is no question that such was the intent of the legislature in enacting section 3 of the Act of 1931, supra, which reads, in part, as follows (63 PS §478c):

"An applicant shall not be entitled to an examination if—

.  .  .  .  .  .  .  .  .

"(c) The applicant is not a graduate of an approved high school of this Commonwealth, or has an education equivalent thereto under the rules and regulations of the department."

Accordingly, it is clear that in passing upon the qualifications of an applicant to be examined for licensure as an undertaker, the State Board of Undertakers must determine his educational requirements as of the date he presents himself for examination and not as of the date of his original registration as a student apprentice.

Since upon the filing of his petition for leave to take the examination for licensure appellant did not possess the educational qualifications then required for examination by section 3 of the Act of 1931, supra, the petition was properly denied. Hence, the appeal must be dismissed.

And now, June 30, 1948, the appeal is hereby dismissed.